PAUL GOTTA, ET AL.

vs.

GEORGE FERRIO, JR., EXTR. (Estate of Wasil Holovack)

Superior Court          Fairfield County          File #45396

Present:   Hon. CARL FOSTER, Judge.

Reich & Reich,
Robert J. Woodruff,          Attorneys for the Plaintiff.

Lavery & Finklestone,          Attorneys for the Defendant.

MEMORANDUM FILED FEBRUARY 13, 1935.

FOSTER, J. The promise upon which this action is based, as set forth in paragraph 3 of the substituted complaint, is "in consideration of the plaintiffs intermarrying and providing a home in the City of Bridgeport" at which he, Wasil Holovack, might reside, should he so desire. Our statute provides "No civil action shall be maintained upon any agreement . . . upon consideration of marriage . . .unless such agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith, or his agent." **General Statutes, Sec. 5982.**

There are two parts to the alleged promise to the plaintiffs: first, that they should intermarry; second, that they should provide a home for the defendant's decedent.

It is true that the plaintiffs, without marrying, could have provided a home for the defendant's decedent. In this view of the proposition, the consideration would not fall within the statute of frauds. If the intermarrying was simply an incident of the contract, the statute does not control.

I am of the opinion, however, that a fair and reasonable construction of the alleged contract is that the intermarrying of the parties was more than an incident to the contract. The contract was that the plaintiffs should intermarry and establish a home which the defendant's decedent could enjoy. I am of the opinion that the intermarrying was an act necessarily precedent to the providing a home—that the consideration of the contract did not consist of two parts, but was one completed act indivisible in law. The marriage was a part of the contract.

We find in 1. Restatement of the Law of Contracts, "Any promise for which the whole consideration, or part of the consideration, is either marriage or a promise of marriage is within **Class III of Section 178,** except mutual promises of two persons that are exclusively engagements to marry each other." **Page 251, Section 192.**

Turning to **Class III, Section 178,** as it appears on **page 232,** we find: "The following classes of informal contracts are by statute unenforceable unless there is a written memorandum thereof signed by the party against whom enforcement of the contract is sought, or by some person thereunto authorized by him." "Contracts in which the consideration is marriage or a promise to marry, except contracts consisting

only of mutual promises by two persons to marry each other."

If this alleged contract was invalid, then it follows that any promise of the defendant's decedent made after the marriage was without valid consideration. In reciting the promise in paragraph 3 of the substituted complaint, the words used are "said promise was made," referring back to the alleged promise in consideration of marriage.

Paragraphs 3 and 5 of the demurrer are withdrawn.

The words "providing a home" are indefinite and incapable of enforcement. They might mean anything from a palace to a hovel. "An offer must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain." **1 Restatement of the Law of Contracts, Page 40, Section 32.**

The demurrer to the substituted complaint is sustained on the first, second and fourth grounds thereof.